IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:17-CR-313 |
| vs. | MEMORANDUM AND ORDER |
| SHERRI L. ATKINS, | |
| Defendant. | |

This matter is before the Court upon initial review of the motion to vacate under 28 U.S.C. § 2255 (filing 133) filed by the defendant, Sherri L. Atkins. The motion was timely filed less than 1 year after the defendant's conviction became final. *See* § 2255(f). The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir.

2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

## BACKGROUND

Atkins was charged in 2017 with one count of conspiracy to commit bank fraud and four counts of bank fraud in connection with an alleged scheme to submit false financial information for IROCK Concrete, LLC and obtain bank loans.[1] *See* filing 1. As described in the indictment, co-defendant Charles Martin was IROCK's president and CEO, and Atkins was IROCK's operations manager. *See* filing 1 at 1. The indictment alleged that Martin owned about 20 percent of IROCK, while Atkins owned about 5 percent. Filing 1 at 1. Loosely described, the two were accused of falsifying IROCK's financial documents, obtaining loans for the company, and diverting the proceeds of those loans to personal use. *See* filing 1. The indictment alleged that Atkins, as the operations manager, did most of the falsifying. *See* filing 1 at 7-9.

Atkins agreed to plead guilty to the conspiracy charge. *See* filing 51 at 1. She entered into a Fed. R. Crim. P. 11(c)(1)(C) plea agreement providing for a sentence of zero to 37 months imprisonment. Filing 51 at 6. She was ultimately sentenced to 18 months' imprisonment and ordered to pay $4,634,803 in restitution. Filing 113. She did not appeal, but filed this § 2255 motion, through new counsel, a few weeks after sentencing. Filing 133.

---

[1] Violation of two different criminal statutes was alleged—18 U.S.C. § 1344 and 18 U.S.C. § 1014—but the distinction is not important here.

DISCUSSION

Atkins claims that she received ineffective assistance of counsel. Filing 133 at 4-5. To establish a claim of ineffective assistance of counsel, she must show that her attorney's performance was deficient and that this prejudiced her defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance can be shown by demonstrating that counsel's performance fell below an objective standard of reasonableness. *Id*. at 688. However, the Court's scrutiny of counsel's performance is highly deferential, because the Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689.

To satisfy the prejudice prong of *Strickland*, Atkins must show that counsel's error actually had an adverse effect on the defense. *Gregg v. United States*, 683 F.3d 941, 944 (8th Cir. 2012). She must do more than show that the errors had some conceivable effect on the outcome of the proceeding. *Id*. Rather, she must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. A "reasonable probability" is less than "more likely than not," but it is more than a possibility; it must be sufficient to undermine confidence in the outcome of the case. *Paul v. United States*, 534 F.3d 832, 837 (8th Cir. 2008).

In the context of a challenge to a guilty plea, the deficient performance and prejudice are demonstrated if Atkins can prove that (1) her counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's alleged errors, she would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58–60 (1985); *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1103 (8th Cir. 2011).

Here, Atkins enumerates eight claims of ineffective assistance of counsel. None warrant relief under *Strickland*.

### FAILURE TO PRESERVE EVIDENCE

First, Atkins alleges that her sentencing counsel and his firm failed to preserve exculpatory evidence. Specifically, she alleges that in 2013, a meeting was held that included Atkins, outside counsel, IROCK's accountant, and two other individuals who had ownership interests in IROCK. Filing 133 at 3. Outside counsel, who was an attorney with the same firm as Atkins' eventual sentencing counsel, allegedly recorded the conversation. Filing 133 at 3. But by 2017, when Atkins was under investigation, that recording couldn't be found. Filing 133 at 4. Atkins alleges that the recording would have contained exculpatory information. Filing 133 at 4.

Atkins does not explain, however, why the loss of this recording was prejudicial. There is no showing, for instance, why Atkins could not have testified herself to the substance of the conversation, or that the other participants in the conversation could not have testified to it.

But more importantly, there's no basis to conclude that any failure to retain the recording was deficient performance on the part of sentencing counsel, who wasn't retained until years after the conversation took place. *See* filing 133 at 3. There is nothing to suggest that his *firm* as a whole ever undertook to represent Atkins. *Cf. Maples v. Thomas*, 565 U.S. 266, 285-86 (2012). There is nothing to suggest that at the time the recording was made, IROCK's outside counsel owed any duty to Atkins. *See Bauermeister v. McReynolds*, 571 N.W.2d 79, 90 (Neb. 1997). There is nothing to suggest sentencing counsel was aware of the existence of the alleged recording or that he was in a position to retain it before it was apparently lost. Nor is the Court

aware of any authority suggesting that counsel can perform deficiently before actually being retained as counsel.

In the absence of any allegations establishing deficient performance or prejudice, this argument fails.

### FAILURE TO INVESTIGATE

Atkins' second, third, fourth, and fifth claims all raise various ways in which sentencing counsel allegedly failed to investigate the case. He did not, she alleges, interview certain witnesses or review certain documents that would have revealed, she says, that she didn't actually have an ownership interest in IROCK, that some of the information in IROCK's loan documents was suggested by the loan officer, and that company credit cards were used by others for personal purposes. *See* filing 133 at 4-5.

But the ultimate relevance of any of that information is not explained, meaning that prejudice is hard to find—Atkins has not alleged the existence of any evidence, actual or hypothetical, which she says would have led her to reject the plea agreement and insist on going to trial. *See Witherspoon v. Purkett*, 210 F.3d 901, 903-04 (8th Cir. 2000); *Thomas v. United States*, 951 F.2d 902, 905 (8th Cir. 1991). Nor does any of the evidence Atkins says could have been found form any kind of basis for a defense to the charges.

And Atkins herself admitted the government's allegations. A defendant's representations during plea-taking carry a strong presumption of verity, and pose a formidable barrier in any subsequent collateral proceedings. *Nguyen v. United States,* 114 F.3d 699, 703 (8th Cir. 1997). In this case, the plea agreement sets out an extensive factual basis that tracks the allegations of the indictment. *See* filing 51 at 2-4. At her change of plea hearing, Atkins said she had read it—and she took the time to review it again at the change of plea hearing—and she said it was true. *See* filing 56 at 24. In addition, she was

asked if she had any complaints about sentencing counsel's representation, and she said she didn't. Filing 56 at 18.

In sum, Atkins alleges nothing to contradict her admission, on the record and under oath, of the facts forming the basis for her plea and conviction. Counsel's alleged failure to generate additional evidence was neither deficient nor prejudicial, in the absence of any explanation for how that additional evidence would have been relevant at all, much less a defense, or how that evidence would have affected Atkins' decision to pled guilty or the sentence imposed by the Court. *See Cox v. Wyrick*, 642 F.2d 222, 227 (8th Cir. 1981).

### PREPAREDNESS OF COUNSEL

Next, Atkins alleges that "[c]ounsel was not prepared for sentencing as he made a number of inaccurate statements at the hearing and was not prepared for the issue of restitution in that he did not contest or present any evidence contrary to the restitution requested in this case." Similarly, she later alleges that counsel "did not present any opposition to the claims being made by the government in support of the indictment." Filing 133 at 5.

But Atkins admitted those claims, as explained above, and does not allege anything *now* that substantively contradicts the factual basis for her conviction. Nor does she identify any of the supposedly "inaccurate statements" at sentencing, or say what the "evidence contrary to the restitution requested" would have been. And, the Court notes, the amount of restitution being sought was spelled out in the plea agreement and the change of plea hearing, so Atkins knew precisely what it was. *See* filing 51 at 7; filing 56 at 16.

In the absence of any specificity about the alleged inaccuracies and unpresented evidence Atkins relies on, she has not shown she was prejudiced.

### FAILURE TO PROVIDE DISCOVERY

Atkins argues that "[c]ounsel did not review or go over the discovery provided by the government with Defendant prior to her plea or sentencing." Filing 133 at 5. But again, it's her burden to show a reasonable probability that, but for that failure, the result of the proceeding would have been different. Her bare allegation that she wasn't shown discovery doesn't make that showing. *See United States v. Avalos Banderas*, 894 F. Supp. 2d 1169, 1178 (D. Neb. 2012), *aff'd sub nom. United States v. Banderas*, 858 F.3d 1147 (8th Cir. 2017).

### ADVICE ABOUT POTENTIAL SENTENCE

Finally, Atkins alleges she was told "that despite the language in the plea agreement that she would not get any jail time and that plea agreements 'look worse than they actually are.'" Filing 133 at 5. But she was expressly advised that she could be sentenced to as many as 37 months' imprisonment. Filing 56 at 12, 16. So, to the extent she is arguing her plea was otherwise involuntary or unknowing based upon inaccurate advice regarding her likely punishment, the argument is foreclosed by the fact that she was informed of the maximum possible punishment and the Court's ability to sentence within that range. *See United States v. Quiroga*, 554 F.3d 1150, 1155 (8th Cir. 2009); *see also Walker v. United States*, 810 F.3d 568, 578 (8th Cir. 2016).

### CONCLUSION

Atkins' allegations either entitle her to no relief, or are contradicted by the record. Accordingly, her § 2255 motion will be summarily dismissed. A movant cannot appeal an adverse ruling on his § 2255 motion unless she is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant

"has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012).

In this case, Atkins has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

IT IS ORDERED:

1. Atkins' motion to vacate under 28 U.S.C. § 2255 (filing 133) is denied.

2. The Court will not issue a certificate of appealability in this matter.

3. A separate judgment will be entered.

Dated this 3rd day of March, 2021.

BY THE COURT:

John M. Gerrard
Chief United States District Judge